IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLOTTE D. DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-049-JHP-KEW |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Charlotte D. Douglas (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED to Defendant for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on July 31, 1961 and was 53 years old at the time of the ALJ's latest decision. Claimant completed her high school education and some college. Claimant has worked in the past as a cashier, driver, and receptionist. Claimant alleges an inability to work beginning July 31, 2006 due to limitations resulting from anxiety, pain in the hands and back, and irritable

3

bowel syndrome.

**Procedural History**

On July 17, 2009, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  On August 7, 2009, Claimant filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*).  Claimant's applications were denied initially and upon reconsideration.  After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on December 17, 2010.  On appeal to this Court, the decision was reversed and remanded to Defendant for further proceedings by Order entered on September 30, 2013.

On June 10, 2014, a second administrative hearing was conducted by ALJ Bernard Porter by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding in McAlester, Oklahoma.  The ALJ entered an unfavorable decision on October 16, 2014.  Claimant did not file exceptions to the decision with the Appeals Council.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.984, 416.1484.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) improperly weighing medical opinion evidence; (2) reaching an improper RFC determination; and (3) making inadequate findings at step five of the sequential evaluation.

**Consideration of the Medical Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of irritable bowel syndrome, gastroesophageal reflux disease ("GERD"), cervical and lumbar disc disease, right thumb trigger finger status post release, major depressive disorder, generalized anxiety disorder with panic disorder, and personality disorder. (Tr. 702). The ALJ found Claimant retained the RFC to perform light work. In so doing, the ALJ found Claimant could lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for six hours in an eight hour workday; and sit for six hours in an eight hour workday. Claimant could push/pull as much as she can lift and carry. Claimant could occasionally use foot

5

but never use hand controls; occasionally reach overhead; and occasionally climb ramps and stairs and kneel but never climb ropes, scaffolds, and ladders or crawl. Claimant could frequently balance, stoop, and crouch. She should avoid exposure to unprotected heights, moving mechanical parts, and temperature extremes. Claimant required a sit/stand option that allows for a change in position at least every 30 minutes lasting no more than 3-4 minutes at a time. Due to psychologically based factors, Claimant was limited by the ALJ to simple tasks and making simple work-related decisions. Claimant could occasionally interact with supervisors, co-workers, and the public. Time off task would be accommodated by normal workday breaks. (Tr. 711).

After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of mail room clerk, garment sorter, and electronic worker. (Tr. 725). As a result, the ALJ found Claimant was not disabled from July 31, 2006 through the date of the decision. (Tr. 726).

Claimant challenges the qualification of Dr. Barbara Felkins, a non-examining physician, to render an opinion on Claimant's mental and physical limitations. The ALJ gave Dr. Felkins' opinion "great weight." (Tr. 721). This Court previously found that Claimant had not objected to Dr. Felkins' qualifications when the

6

ALJ gave her the opportunity to do so.  Apparently, this conclusion was incorrect as Claimant directs this Court to a letter dated November 10, 2010 in which counsel takes issue with several aspects of the report, including questioning whether Dr. Felkins is qualified to render both an RFC and MFC.  (Tr. 280-82).

Nevertheless, the challenge is without factual foundation. Dr. Felkins is a licensed medical doctor in Texas with a specialty in psychiatry.  *See*, Texas Medical Board, *Healthcare Provider Search Input*.  As such, she is considered an appropriate source to render an opinion on Claimant's mental and physical limitations. 20 C.F.R. §§ 404.1513(a)(1); 416.913(a)(1).  Nothing in the regulations or the prevailing case authority restricts a medical doctor from only rendering an opinion on the physical or the mental limitations of a claimant and not both.  Indeed, the ALJ gave Claimant the opportunity to request a supplemental hearing but the letter of November 10, 2010 does not contain such a request. Claimant's challenge to Dr. Felkins' qualifications is without merit.

Claimant challenges the content of Dr. Felkins' opinion as well.  Her opinion lacks the same support that was missing the first time this Court took up this case.  Her scrawled notation without supporting information or analysis that "I agree with

7

State's assessment" lacks the evidentiary and professional support necessary to provide a basis for the ALJ according "great weight" to the opinion.

Claimant also contends the ALJ failed to follow this Court's directive to specifically indicate which portions of the medical record supported or is contradiction of the various medical opinions. Specifically, Dr. James T. Howard, a treating physician, provided a mental RFC assessment on September 27, 2010. Dr. Howard found Claimant was moderately limited in the areas of dealing with work stress, remembering work-like procedures, carrying out detailed or complex instructions, performing activities within a schedule, maintaining regular attendance, completing a normal workday or workweek, performing at a consistent pace, performing without an unreasonable number or length of rest periods, and getting along with co-workers or peers without distracting them or exhibiting behavioral extremes. (Tr. 671-73). Dr. Howard's supporting diagnosis was major depressive disorder and irritable bowel syndrome with other gastrointestinal problems. (Tr. 672).

The ALJ related Dr. Howard's restrictions then afforded the opinion "little weight" because it was not fully supported by nor consistent with the medical evidence of record as a whole. The basis for this finding was (1) Dr. Howard provided no narrative

8

other than Claimant's diagnoses; (2) Claimant's treating psychiatrist, Dr. VanTuyl and treating physician, Dr. Kong reported Claimant's major depressive disorder was recurrent in partial remission; and (3) none of the other treating physicians placed any mental limitations on Claimant. (Tr. 717).

Claimant suggests that every treating or examining psychiatrist came to similar conclusions regarding Claimant's mental functioning including Dr. Steve A. Shry and Dr. Robert L. Spray - both consultative examiners. On November 13, 2008, Dr. Shry performed an consultative evaluation of Claimant. He diagnosed Claimant with major depressive disorder and generalized anxiety disorder with a GAF of 51-60. (Tr. 301). He concluded Claimant was capable of handling her own hygiene and dressing, could shop, and could drive. She communicated in an intelligible and effective manner. She did not appear to have much difficulty comprehending and carrying out simple tasks but did demonstrate difficulty with focus when attending to complex instructions. She demonstrated limitations in her ability to cope with the typical demands of basic work-like tasks - associated with her depression.

Claimant showed mild memory difficulty and may be impaired in her ability to attend and sustain concentration on tasks. She did not tolerate frustration well and cried. She seemed to demonstrate

9

difficulty in her ability to sustain persistence when completing tasks and in her ability to complete work-like tasks within acceptable time frames. (Tr. 301). Dr. Shry did not perceive any exaggeration. (Tr. 302).

The ALJ gave Dr. Shry's opinion "little weight", again, because Dr. VanTuyl and Dr. Kong reported Claimant's major depressive disorder was in remission. (Tr. 717).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the

treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

Dr. VanTuyl's and Dr. Kong's unexplained notation in their reports that Claimant's depressive disorder was recurrent in remission does not factually justify the rejection of a treating

physician's opinion.  Additionally, the same fact which is cited in the minimizing of Dr. Shry's opinion is an insufficient basis.  Nothing in the medical record attributes the many limitations found by these physicians exclusively to Claimant's depressive disorder.  The support in the record cited by Defendant does not expressly appear in the ALJ's decision.  The ALJ must make the findings in his decision.  <u>Franz v. Astrue</u>, 509 F.3d 1299, 1302 (10th Cir. 2007).  On remand, the ALJ shall re-evaluate these opinions in light of the medical record.

On March 21, 2011, Dr. Spray evaluated Claimant and issued a report.  He diagnosed Claimant with major depressive disorder, panic disorder without agoraphobia, and personality disorder, NOS with dependent, histrionic, and avoidant features.  (Tr. 34).  On April 8, 2011, Dr. Spray completed a mental RFC assessment form.  He found Claimant was severely limited in the areas of maintaining regular attendance, being punctual within customary tolerances, working in coordination or proximity to others without being distracted by them, completing a normal workday and workweek, demonstrating reliability, behaving in an emotionally stable manner, dealing with the general public, and accepting instructions and responding appropriately to criticism from supervisors.  (Tr. 35-37).  He also found Claimant to be markedly limited in an

additional ten functional areas and moderately limited in a further 13 areas.  Id.

In contrast to the consideration of Dr. Howard and Dr. Shry, the ALJ provided considerable inconsistencies between Dr. Spray's findings and the medical record.  The ALJ's finding that Dr. Spray's opinion is "less probative" is supported in the decision.

Claimant contends the ALJ's RFC assessment was flawed because it did not contain accommodations for Claimant's hand problems and irritable bowel syndrome.  Claimant's subjective complaints concerning the use of her hands were offset by the objective testing. (Tr. 427).  However, the irritable bowel condition cannot be explained away by stating that the agency physicians were aware of the condition but did not include any restrictions for it.  In her briefing, Defendant merely refers the Court to the state agency RFC reports which contain no consideration of this condition but just identified it.  On remand, the ALJ should explain how identifying this condition but failing to state why further restrictions in the ability to engage in basic work activities did not result given the recognition of the impairment as severe.

**Credibility Determination**

Claimant states the ALJ continued to maintain the errors recognized in the first opinion in the assessment of her

13

credibility. Claimant points out several discrepancies between the findings of the ALJ on her credibility and her observed medical conditions. Since the case is remanded on other grounds, the ALJ shall insure that his credibility findings are affirmatively linked to the objective medical record. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

**Step Five Analysis**

Claimant contends the hypothetical questioning of the vocational expert was flawed since it did not contain all of the limitations which were included in the RFC or should have been included in the RFC. After reconsidering the opinion evidence on functional limitations, the ALJ shall consider whether the questioning of the vocational expert reflected the totality of the limitations contained in the resulting RFC.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the case REMANDED** for further proceedings consistent with this Report. The parties are herewith given fourteen (14) days from the date of the service

14

of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE