IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHARLOTTE D. DOUGLAS,              )
                                   )
            Plaintiff,             )
                                   )
v.                                 )  Case No. CIV-15-049-JHP-KEW
                                   )
NANCY A. BERRYHILL, Acting         )
Commissioner of Social             )
Security Administration,           )
                                   )
            Defendant.             )

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Claimant's Motion and Application for an Attorney Fee Under the Equal Access to Justice Act (Docket Entry #22). By Order entered March 16, 2017, United States District Judge James Payne who presides over this case referred the subject Motion to the undersigned for the entry of Findings and a Recommendation. By Order and Judgment entered March 29, 2017, Judge Payne reversed the decision of the Commissioner to deny Claimant's application for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 22.95 hours of time expended by his attorney at the stipulated fee rate and 23.55 hours for counsel's paralegal for a total request of $6,362.25 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending that the fees requested were not reasonable.

EAJA provides that a prevailing party other than the United

States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2. Here, Defendant does not contend her position was substantially justified. As a result, the issue is deemed confessed, thereby entitling Claimant to reimbursement of the attorney fees expended.

    Defendant challenges the reasonableness of the fee requested, contending the average Social Security appeal requires 20 to 40 hours. This Court rejects the average range theory of compensation. If an attorney has properly and reasonably expended the time to prosecute an appeal, he will be entitled to the associated fees.

Defendant contends in this second appeal of Defendant's denial of Claimant's benefits that Claimant's attorney duplicated fees associated with reviewing and summarizing the 1,300 page transcript. Claimant's counsel billed 10.90 hours but reduced the amount charged to 6.00. Considering the need to review the prior record as well as the additional medical records which expanded the record, this Court finds this amount to be reasonable.

Defendant also seeks a reduction for certain entries characterized as "block billing." Claimant's attorney has adequately explained his billing practice for the June 10 and 11, 2015 entries in his reply brief.

Defendant also seeks a reduction in the paralegal time for "purely clerical" tasks. These tasks are mainly comprised of returning calls to Claimant. Defendant suggests the compensation claimed by the paralegal is excessive. It has been noted in prior orders for compensation by this attorney that he is blind and requires assistance from his paralegal to perform his required tasks. Morris v. Colvin, CIV-14-378-RAW-KEW; Tubby v. Colvin, CIV-14-280-RAW-KEW. Additionally, the returning of telephone calls to Claimant is a necessary function of any attorney to meet his ethical obligation to keep the client informed of the status of his representation. This Court will not reduce the amount claimed for these items. This Court concludes Claimant's request for fees is reasonable under the circumstances presented by this case.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that

Claimant's Motion and Application for an Attorney Fee Under the Equal Access to Justice Act (Docket Entry #22) be **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $6,362.25.

IT IS FURTHER RECOMMENDED that, in accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on the findings made herein.

IT IS SO ORDERED this 22nd day of May, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE